JUDGMENT

PER CURIAM.
This case was considered on the record from the Federal Energy Regulatory Commission (“FERC”) and on the briefs and arguments of the parties. After fully considering the issues, the court has determined they do not warrant a published opinion. See D.C.CiR. R. 36(d). It is
Ordered and Adjudged that the consolidated petitions for review be denied.
The FERC’s regulations allow an oil pipeline to increase the rate it charges shippers to any level that does not exceed a price ceiling annually adjusted according to an inflation-based index. See 18 C.F.R. § 342.2-3 (2009). See generally Ass’n of Oil Pipe Lines v. FERC (AOPL), 83 F.3d 1424 (D.C.Cir.1996) (upholding the FERC orders establishing the indexing regime). Shippers may challenge such a rate increase by filing a complaint with the FERC alleging “reasonable grounds for asserting that ... the rate increase is so substantially in excess of the actual cost increases incurred by the carrier that the rate is unjust and unreasonable.” 18 C.F.R. § 343.2(c)(1). In the orders on review, the FERC dismissed the complaints of two shippers, BP West Coast Products LLC (“BP”) and ExxonMobil Oil Corporation (“Exxon”), against rate increases taken by a pipeline operator, SFPP, L.P. (“SFPP”). See BP W. Coast Prods. LLC v. SFPP, L.P., 121 FERC ¶ 61,243 (Dec. 14, 2007), order on reh’g, 123 FERC ¶ 61,-121 (May 5, 2008); BP W. Coast Prods. LLC v. SFPP, L.P., 118 FERC ¶ 61,261 (Mar. 29, 2007), order on reh’g, 121 FERC ¶ 61,195 (Nov. 20, 2007).
BP and Exxon argue the FERC departed from precedent without reasoned explanation when it dismissed their complaint against SFPP’s 2005 index-based increase to the rate charged on its North Line. Their complaint alleged that indexing was unnecessary because SFPP had recently increased its North Line rate under a rule that permits rate adjustments for pipelines substantially under-recovering their cost of service. See 18 C.F.R. § 342.4(a). The shippers argued that SFPP’s rate adjustment fully compensated the pipeline for its annual cost increases such that an index-based increase on top of the new rate would be unjust or unreasonable. In dismissing the complaint, the FERC acknowledged that it had previously denied SFPP an index-based increase to its East Line rate on similar grounds. See BP W. Coast, 121 FERC ¶ 61,195, at P7 (citing SFPP, L.P., 117 FERC ¶ 61,271 (Dec. 6, 2006)). The FERC distinguished the East Line case, however, noting that in this case the pipeline continued to under-recover its cost of service despite both rate increases, whereas the proposed index-based increase to the East Line rates would have resulted in an over-recovery. Therefore, the FERC explained, the 2005 index-based increase of SFPP’s North Line rate did not result in a rate that was unjust and unreasonable under 18 C.F.R. § 343.2(c)(1). See id.; see also BP W. Coast, 118 FERC ¶ 61,261, at P8. Because the FERC adequately discussed why the shippers’ reliance on the East Line orders was misplaced, it did not depart from precedent without reasoned explanation.
BP also challenged SFPP’s 2007 index-based rate increase and contends that the FERC misconstrued 18 C.F.R. *754 § 343.2(c)(1) in dismissing its complaint. BP argued before the FERC that SFPP’s existing rate was already unjust and unreasonable and any index-based rate increase would simply add to the pipeline’s existing over-recovery. The FERC dismissed BP’s complaint on the ground that the actual cost increases incurred by SFPP during the relevant year ($16,403,-222 or 15.3% over the previous year’s costs) were greater than the revenue increase permitted by indexing ($6,010,323 from an index of 4.3186%). See BP W. Coast, 123 FERC ¶ 61,121, at P2, P8. Therefore, BP could not allege that SFPP’s index-based rate increase was “substantially in excess of the actual cost increases incurred.” See id. at P6-P8 (quoting 18 C.F.R. § 343.2(c)(1)). Because the FERC’s interpretation of § 343.2(c)(1) to require dismissal of BP’s complaint was not “plainly erroneous or inconsistent with the regulation,” Bluestone Energy Design, Inc. v. FERC, 74 F.3d 1288, 1292 (D.C.Cir. 1996) (quoting Thomas Jefferson Univ. v. Shalala, 512 U.S. 504, 512, 114 S.Ct. 2381, 129 L.Ed.2d 405 (1994)), it was not arbitrary or capricious.
The shippers raise several additional challenges to the FERC’s orders, but we find none of these persuasive. The FERC did not abuse its discretion in holding that the shippers’ challenges to the pipeline’s existing rates and reported costs and revenue were outside the scope of a § 343.2(c)(1) proceeding. See Mobil Oil Exploration & Producing Se. Inc. v. United Distrib. Cos., 498 U.S. 211, 230, 111 S.Ct. 615, 112 L.Ed.2d 636 (1991) (“An agency enjoys broad discretion in determining how best to handle related, yet discrete, issues in terms of procedures and priorities.” (internal citations omitted)). Nor has the FERC abdicated its statutory obligation to ensure rates are just and reasonable, see Interstate Commerce Act, 49 U.S.C. app. § 1(5) (1988), by limiting the scope of complaints against index-based rate increases as it has in the orders on review, see AOPL, 83 F.3d at 1444-45. Finally, the order dismissing the shippers’ complaint against SFPP’s 2005 index-based increase to the North Line rate stated that the complainants could recover all the relief sought — if appropriate — in a separate proceeding that remains pending. See BP W. Coast, 121 FERC ¶ 61,195, at P5 (“[T]he index-based increase at issue here is also fully subject to refund if the indexed component of any new rate [established in that proceeding] would result in a rate that is unjust and unreasonable under the holding of the December 2006 [East Line] Order upon which they rely.”). Given this assurance, we see no reason to take the shippers up on their suggestion that we require the FERC to hold in abeyance their complaint against the 2005 North Line index-based rate increase. The shippers’ remaining arguments do not warrant further discussion.
Pursuant to D.C. Circuit Rule 36(d), this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. See Fed. R.Atp. P. 41(b); D.C.Cir. R. 41.